IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 14-735 (PAD) |
| ANDRES RIOS-PEREZ, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

A jury found Andres Rios-Perez guilty of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before the court is defendant's "Motion for Judgment of Acquittal after Jury Verdict or Discharge" (Docket No. 81), which the government opposed (Docket No. 82). For the reasons below, the motion is DENIED.

## I. DISCUSSION

### A. Fed. R. Crim. P. 29

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c). In addressing a motion under this rule, the court must view "the evidence in the light most flattering to the jury's guilty verdict, [and] assess whether a reasonable factfinder could have concluded that the defendant was guilty beyond a reasonable doubt." U.S. v. Lipscomb, 539 F.3d 32, 40 (1st Cir. 2008). "[T]he jurisprudence of Rule 29 requires that a deciding court defer credibility determinations to the jury." U.S. v. Hernandez, 146 F.3d 30, 32 (1st Cir. 1998). Thus, the court should not "disturb, on the ground of

insufficient evidence, a jury verdict that is supported by a plausible rendition of the record." United States v. Wilder, 526 F.3d 1, 8 (1st Cir. 2008).

### B. 18 U.S.C. § 922(g)(1)

Section 922(g)(1) prohibits any person who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year, from possessing a weapon which has been transported in interstate commerce. 18 U.S.C. § 922(g)(1). In order to secure a conviction for this offense, the government must prove beyond a reasonable doubt that (1) defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the firearm and ammunition are connected with interstate or foreign commerce; and (3) defendant knowingly possessed the firearm or the ammunition described in the Indictment. The parties stipulated the first and second elements (Docket Nos. 35, 44, and 53). This Memorandum will thus focus on whether the government proved beyond a reasonable doubt that defendant did knowingly possessed the firearm. The court finds it did so.

### C. Sufficiency of Evidence

At trial, the government presented the testimony of Puerto Rico Police Department ("PRPD") officers Dickey Collazo, Michael Duran, and Braulio Gonzalez; and of Emmanuel Molina-Esquilin. Officer Collazo, a twelve-year veteran of the PRPD, testified that on November 24, 2014, he was conducting surveillance at the Volcan Ward in Bayamón, Puerto Rico. There, he observed a black Mercedes-Benz SUV parked next to a ranch, and one person wearing a blue shirt approach the driver's side so as to greet the driver – who was wearing a gray shirt and was later identified as the defendant.[1]

---

[1] At trial, officer Collazo identified that person in the gray shirt as the defendant.

United States v. Rios-Perez
Criminal No. 14-735 (PAD)
Memorandum and Order
Page 3

A white Ford Focus parked nearby and a person – later identified as Molina-Esquilin – wearing a red shirt, exited the vehicle. A drug transaction took place between the individuals wearing red and blue shirts, at which time, the defendant exited the black Mercedes-Benz SUV and officer Collazo was able to observe what, based on his experience, was a pistol magazine standing out of the right side of his waist. Then, officer Collazo saw defendant and Molina-Esquilin get into the black Mercedes-Benz SUV and drive away.

Officer Collazo testified that at that point, he alerted all nearby units of the drug transaction, and told other officers that the individual wearing a gray shirt was armed. Officers followed the black Mercedes-Benz SUV to the Barbosa Public Housing Project. Therein, they commanded the SUV to stop. A chase ensued, during which the officers saw Molina-Esquilin fleeing on foot while holding a firearm with his two hands.

Defendant – who had stayed inside the vehicle – and Molina-Esquilin were apprehended, and the firearm that Molina-Esquilin had tossed to the ground was recovered.[2] Upon observing the discarded firearm, officer Collazo described it as a black pistol with a long extended magazine protruded from it, like the one he previously saw in defendant's waistband. After placing both individuals under arrest, officer Collazo told fellow officer Duran that the person he previously saw with the firearm's magazine sticking out of his waistband was not Molina-Esquilin – who was wearing a red shirt – but defendant – who had a gray shirt. Officer Duran testified to have seized from the scene a firearm discarded by Molina-Esquilin, which he described as a model 23 pistol Glock, black, with an extended magazine.

---

[2] According to officer Collazo, Molina-Esquilin eventually complied with the officers' commands to surrender and lay in the ground; while officer Braulio Gonzalez arrested defendant.

United States v. Rios-Perez
Criminal No. 14-735 (PAD)
Memorandum and Order
Page 4

In turn, Molina-Esquilin testified that after he was arrested along with defendant, they were brought to a police station next to Barbosa. While detained in a holding cell, defendant told Molina-Esquilin to take responsibility for the weapon, as the former had "something" in federal court. In exchange, defendant would pay for a lawyer to represent Molina-Esquilin. Although Molina-Esquilin initially agreed to take the blame, he later recanted, revealing that prior to the day of the arrest he had never seen the gun, that defendant asked him to take responsibility for the firearm, and that it did not belong to him.

Assessing these witnesses' testimony in light most favorable to the jury's verdict, the court finds that there is sufficient evidence on record for the jury to conclude beyond a reasonable doubt that defendant knowingly possessed the firearm described in the Indictment.[3]

## II. CONCLUSION

In light of the foregoing, defendant's "Motion for Judgment of Acquittal after Jury Verdict or Discharge" (Docket No. 81) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of August, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE

---

[3] To wit: a Glock pistol, model 23, caliber .40, bearing serial number VZP124, loaded win an extended magazine, 22 rounds of ammunitions, and a device on the slide, commonly known as a "chip."